FILED

MAR 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARON S. HENRY, | No. 11-16927 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00628-RS |
| v. | |
| BANK OF AMERICA CORPORATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted March 15, 2013
San Francisco, California

Before: WALLACE and IKUTA, Circuit Judges, and GARBIS, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Marvin J. Garbis, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

Sharon Henry appeals from the district court's judgment disposing of her state claims against Nancy Mendoza and Bank of America and her federal and state civil rights claims against Calvin Chow, Raymond Lee, and the City and County of San Francisco. We have jurisdiction under 28 U.S.C. § 1291. We note at the outset that Henry's claims arise from a perfect storm of coincidences and a case of mistaken identity and that her actions in this matter were blameless. Moreover, she presented nonfrivolous claims in her complaint. Nevertheless, we affirm the district court's orders.

The Anti-SLAPP statute applies to Henry's state claims against Mendoza and Bank of America because the "principal thrust or gravamen" of these claims is based on Mendoza's report to the police, and the record does not conclusively establish that Mendoza's report to the police was unlawful. *Dwight R. v. Christy B.*, 151 Cal. Rptr. 3d 406, 415–416 (Ct. App. 2013). The district court did not err in striking these claims under the Anti-SLAPP statute. *See Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). Henry failed to adduce any evidence of circumstances suggesting a discriminatory motive on the part of Mendoza and, therefore, failed to show a probability of prevailing on her Unruh Act discrimination claim. *See Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 355 (2000). Because Henry likewise failed to show that Mendoza's conduct in

dishonoring her check was extreme and outrageous as a matter of law, she did not show a probability of prevailing on her intentional infliction of emotional distress claim.[1]

The district court was correct to grant Mendoza and Bank of America summary judgment with respect to Henry's negligence claim. Henry does not claim she suffered any physical injuries as a result of Mendoza's conduct in dishonoring the check, and the emotional injuries she identified are insufficient to support a negligence claim. *See Gilchrist v. Jim Slemons Imps., Inc.*, 803 F.2d 1488, 1499 (9th Cir. 1986).

Officers Chow and Lee are entitled to qualified immunity with regard to Henry's § 1983 claim for false arrest because "it is *reasonably arguable* that there was probable cause for arrest." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011). In particular, the officers learned that Henry's check was written by a Kathleen Wilkinson, that there was only one Kathleen Wilkinson in Bank of America's database, that this Wilkinson was out of the country, and that this

---

[1] Henry does not challenge the district court's ruling that 31 U.S.C. § 5318(g)(3)(A) precludes her from basing this claim or any other claim on Mendoza's report to the police.

3

Wilkinson's signature did not match the signature on Henry's check.[2]  Based on the same facts, the officers are entitled to state law statutory immunity with respect to Henry's state law claims.  *See* Cal. Penal Code § 847(b)(1).

The district court did not err in granting summary judgment in favor of the City and County of San Francisco.  Henry did not produce evidence that the City and County of San Francisco  "has adopted an illegal or unconstitutional policy or custom" that resulted in a violation of Henry's constitutional rights, *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc), so it is entitled to summary judgment on Henry's § 1983 claim.  The City and County of San Francisco is entitled to immunity from Henry's state law claims because it shares the immunity of officers Chow and Lee.  *See* Cal. Gov't Code § 815.2(b).

**AFFIRMED.**

---

[2] As it turned out, Bank of America and Mendoza had identified the wrong Kathleen Wilkinson.  The Kathleen Wilkinson who wrote Henry's check was not in the bank's database.

4